UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGELIO MAY RUIZ,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>FRANK A. MCGUIRE, Clerk of Supreme Court,<br><br>　　　　　　　　　　Defendant. | Case No.: 16-CV-0388-AJB-BLM<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND REQUEST FOR APPOINTMENT OF INTERPRETER**<br><br>(Doc. Nos. 21, 25) |

Presently before the Court is Plaintiff Rogelio May Ruiz's ("Plaintiff") miscellaneous document submission, filed August 15, 2016, (Doc. Nos. 20, 21), which the Court construes as a motion for reconsideration of the Court's dismissal of this action with prejudice, (Doc. Nos. 6, 12).[1] The Court finds the matter suitable for decision on the papers,

---

[1] The current submission includes a release date change notice from the California Department of Corrections and Rehabilitation ("CDCR"); a translated letter from Plaintiff summarizing his complaint's allegations; the Court's notice of document discrepancy order rejecting Plaintiff's April 27, 2016, document submission of a letter to the Court written in Spanish; a classification committee chrono from the CDCR, which contains informational notes by prison officials documenting classification decisions, minor disciplinary offenses, medical orders, and the like; a letter from Plaintiff to the Court regarding his difficulties in

1

without oral argument, pursuant to Local Civil Rule 7.1.d.1. For the reasons set forth below, the Court **DENIES** Plaintiff's motion.

## BACKGROUND

On February 12, 2016, Plaintiff, an inmate proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Frank A. McGuire ("Defendant"). (Doc. No. 1.) Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a), but instead submitted a motion to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). (Doc. No. 2.)

On February 22, 2016, the Court granted Plaintiff's IFP motion, but dismissed the complaint for failing to state a claim. (Doc. No. 5.) The Court granted Plaintiff 45 days to amend his complaint. (*Id.* at 7.) As of April 7, 2016, and through the date of this order, Plaintiff has failed to file a first amended complaint ("FAC"). On May 9, 2016, the Court dismissed this action with prejudice for failing to submit an FAC and for reasons stated in the Court's February 22, 2016, order. (Doc. Nos. 6, 7, 12.) Between June 30 and August 3, 2016, the Court has rejected a variety of Plaintiff's miscellaneous document submissions based on the Court's dismissal of this action with prejudice. (*See* Doc. Nos. 14–19.)

On August 17, 2016, Plaintiff submitted the instant set of post-case-closure documents, which the Court liberally construes as a motion to reconsider the May 9, 2016, dismissal of Plaintiff's case. (Doc. Nos. 20, 21.) *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) ("In civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt.").

## LEGAL STANDARD

Where the Court's ruling has resulted in a final judgment or order, a motion for reconsideration may be based either on Rule 59(e) (motion to alter or amend judgment) or

---

understanding the previous proceedings; and the Court's notice of document discrepancy order rejecting Plaintiff's May 19, 2016, letter to the Court. (Doc. No. 21.)

Rule 60(b) (motion for relief from judgment) of the Federal Rules of Civil Procedure.[2] *See Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). A motion for reconsideration is treated as a motion to alter or amend a judgment under Rule 59(e) if it is filed within 28 days of entry of judgment; otherwise, it is treated as a Rule 60(b) motion for relief from a judgment or order. *See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001).

Rule 59(e) provides that a court may alter or amend the judgment after the judgment's entry. "[T]he district court enjoys considerable discretion in granting or denying [a Rule 59(e)] motion." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam)). However, because "the rule offers an extraordinary remedy, [it should] be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation and internal quotation marks omitted). As such, a Rule 59(e) motion generally should not be granted absent highly unusual circumstances, *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999), such as an intervening change in controlling law, the availability of newly discovered or previously unavailable evidence, or the need to correct an error or prevent a manifest injustice, *Allstate Ins. Co.*, 634 F.3d at 1111; *see also McDowell*, 197 F.3d at 1255 n.4 (finding no abuse of discretion "merely because the underlying order is erroneous, rather than clearly erroneous").

Alternatively, a district judge may provide relief from final judgment under Rule 60(b) if the moving party can show "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that

---

[2] All subsequent references to "Rules" are to the Federal Rules of Civil Procedure.

has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." *United Nat'l Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009) (quoting Fed. R. Civ. Pro. 60(b)) (alterations in original).

A Rule 60(b) motion, however, is "not a vehicle to reargue [a] motion or to present evidence which should have been raised before." *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (citation omitted). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *Id.* (citation and internal quotation marks omitted). Ultimately, motions for reconsideration are committed to the district court's discretion. *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

### DISCUSSION

Although the bases for Plaintiff's motion are not readily apparent from his submissions, the Court construes the motion as asserting three primary grounds for relief from final judgment: (1) extraordinary circumstances as to why he missed his FAC filing deadline; (2) lack of proficiency in English and knowledge of legal procedure; and (3) newly discovered evidence. Whether brought under Rule 59(e) or 60(b), however, Plaintiff's motion for reconsideration has no merit. Under Rule 59(e), the motion is untimely, and under Rule 60(b), Plaintiff's submission does not merit relief from the Court's judgment.[3]

**1. Extraordinary Circumstances**

In his submission, Plaintiff states he was "brutally hurt by an officer" and was "later on sent to the hole." (Doc. No. 21 at 2.) For a party to be entitled to relief under Rule

---

[3] The amended judgment was entered on May 9, 2016. (Doc. No. 7.) Plaintiff filed the instant motion on August 15, 2016, well outside Rule 59(e)'s 28-day deadline. (Doc. Nos. 20, 21.)

60(b)(6), he must show "'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (citing *Ackerman v. United States*, 340 U.S. 193, 199 (1950)). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (quoting *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1103 (9th Cir. 2006)). In other words, Rule 60(b) relief based upon extraordinary circumstances should be granted only where the movant is able to show "both injury and circumstances beyond his control that prevent him from proceeding with the prosecution or defense of the action in a proper fashion." *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002).

Plaintiff has not demonstrated that extraordinary circumstances exist here. Specifically, Plaintiff has not demonstrated that "extraordinary circumstances prevented [him] from taking timely action to prevent or correct" the judgment. *Hamilton v. Newland*, 374 F.3d 822, 825 (9th Cir. 2004) (quoting *Greenawalt v. Stewart*, 105 F.3d 1268, 1273 (9th Cir. 1997)). While Plaintiff asserts he was beat and sent to the "hole," he provides no information as to when this occurred, whether his time in the "hole" was during his 45-day window to amend the complaint, or whether he was denied access to materials to write his FAC during the time prescribed. *See Sanders v. Virga*, No. CV 10-0167 GAF (JCG), 2010 WL 4916637, at *3 (C.D. Cal. Nov. 30, 2010) ("In general, the difficulties attendant on prison life, such as transfers between facilities, solitary confinement, lockdowns, restricted access to the law library, and an inability to secure court documents, do not by themselves qualify as extraordinary circumstances." (citation omitted)). Moreover, there is nothing in Plaintiff's papers to demonstrate, or even suggest, diligence in filing an FAC between February 22, 2016, and the date of this order. *See, e.g.*, *Mendoza v. Carey*, 449 F.3d 1065, 1070 (9th Cir. 2006) ("[A] non-English-speaking petitioner seeking equitable tolling must, at a minimum, demonstrate that during the running of the AEDPA time limitation, he was unable, despite diligent efforts, to procure either legal materials in his own language or

translation assistance from an inmate, library personnel, or other source.").[4]

The delay in raising Plaintiff's current motion "may be attributable to inattention or inexperience, but neither deficiency constitutes an 'extraordinary circumstance' that justifies Rule 60(b) relief." *Greenawalt*, 105 F.3d at 1273. Apart from his mental status[5] and release date change[6]—neither of which suggests an extraordinary circumstance—Plaintiff has not demonstrated that his circumstances have sufficiently changed to warrant relief under Rule 60(b)(6). Without more, the Court cannot conclude that Plaintiff's circumstances are so exceptional that Rule 60(b) relief is appropriate. *See Larson v. Carrasco*, No. 09-cv-745-L(PCL), 2013 WL 1223602, at *2 (S.D. Cal. Mar. 25, 2013) (concluding petitioner's circumstances were not exceptional for purposes of relief under Rule 59(e) or 60(b) in part because petitioner failed to lay out exactly what his circumstances were).

**2. Lack of English Proficiency and Legal Procedure**

Plaintiff's motion further relies on his "ignoran[ce of court] procedures" and his inability to understand English. (Doc. No. 21 at 6.) Plaintiff requests legal assistance, such as an "orientation" to "show [him] what to do . . . ." (*Id*.)[7]

---

[4] "AEDPA" refers to the Antiterrorism and Effective Death Penalty Act.

[5] Plaintiff spoke to his mental health provider in prison regarding possible suicidal thoughts and was considered to be in need of inpatient psychiatric treatment. (Doc. No. 21 at 2, 4.)

[6] On April 7, 2016, Plaintiff's controlling release date changed from March 31, 2046, to September 22, 2041. (Doc. No. 21 at 1.)

[7] To the extent Plaintiff asks the Court itself for an "orientation" and instruction on what he should do, the Court advises Plaintiff that the Court has "no obligation to act as counsel or paralegal to *pro se* litigants" because "[a party] does not have a constitutional right to receive personal instruction from the trial judge on courtroom procedure" and that "the Constitution [does not] require judges to take over chores for a *pro se* [party] that would normally be attended to by trained counsel as a matter of course." *Pliler v. Ford*, 542 U.S. 225, 232 (2004) (quoting *McKaskle v. Wiggins*, 465 U.S. 168, 183–84 (1984)); *see also Martinez v. Court of Appeal of Cal., Fourth Appellate Dist.*, 528 U.S. 152, 162 (2000) ("[T]he trial judge is under no duty to provide personal instruction on courtroom procedure or to perform any legal 'chores' for the [party] that counsel would normally carry out.").

The standard for appointing counsel in a civil matter is extremely high. There is no constitutional right to counsel in a § 1983 action. *Fink v. Ylst*, 198 F. App'x 587, 590 (9th Cir. 2006) (citing *Nicholson v. Rushen*, 767 F.2d 1426, 1426 (9th Cir. 1985; *Campbell v. Burt*, 141 F.3d 927, 931 (9th Cir. 1998)). Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts are granted discretion to appoint counsel for indigent persons. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980). This discretion may be exercised only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Id*. (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Here, Plaintiff's request for postjudgment legal assistance falls short of finding "extraordinary circumstances." Plaintiff has not demonstrated "a likelihood of success on the merits" to warrant appointing counsel. *See Garcia v. Blahnik*, No. 14cv875-LAB-BGS, 2016 WL 4269561, at *1 (S.D. Cal. Aug. 15, 2016) ("Where the court has insufficient information to determine the likelihood of success, the likelihood of success factor does not support a finding of exceptional circumstances.").[8] Nor has Plaintiff demonstrated that his claims are so complex that he is not competent enough to litigate without the assistance of counsel. *See Frye v. State of California*, No. 14-cv-05470-YGR (PR), 2016 WL 1461942, at *1 (N.D. Cal. Apr. 14, 2016) (finding petitioner "failed to make the requisite showing for reconsideration" of court's denial of request for appointment of counsel

---

[8] Plaintiff does not address a likelihood of success in his instant motion, and a likelihood of success is not evident from the face of his complaint. The Court dismissed Plaintiff's complaint for failing to state a claim, and through the date of this order, Plaintiff has not filed an FAC. Accordingly, the Court has insufficient information to evaluate whether Plaintiff's claims warrant finding a likelihood of success. Therefore, Plaintiff's motion does not support a finding of exceptional circumstances warranting appointing counsel.

because ignorance of the legal system and petitioner's lack of comprehension failed to carry petitioner's burden), *appeal docketed*, No. 16-16188 (9th Cir. July 6, 2016); *Moore v. Heisey*, No. 1:08-cv-00860-SMS PC, 2010 WL 367806, at *2 (E.D. Cal. Jan. 27, 2010) (denying reconsideration of denial of petitioner's request for appointment of counsel because excessive force claim is not a complex or complicated legal issue, petitioner had been able to adequately articulate his claims *pro se*, and reincarceration and inadequacies of prison facilities did not constitute exceptional circumstances). For these reasons, the Court declines to appoint counsel.

Plaintiff also points to his inability to understand English as a ground for granting him relief. (*See* Doc. No. 21 at 6.) However, "[a]n inability to speak, write and/or understand English, in and of itself, does not automatically give a petitioner reasonable cause for failing to know about the legal requirements for filing his claims." *Hernandez v. Soto*, No. CV 15-01374-PSG (AS), 2015 WL 5553543, at *7 (C.D. Cal. Sept. 14, 2015) (quoting *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002)). Likewise, a plaintiff's inexperience, per se, does not justify reopening a case under Rule 60(b)(6)). *Hamilton*, 374 F.3d at 825.

On examination of the record, it is clear that Plaintiff has trouble writing in the English language. However, Plaintiff's instant submissions have all been translated into English by an unnamed translator. Plaintiff offers no evidence as to whether he had access to such a translator during the 45 days he was permitted to submit an FAC. Moreover, Plaintiff does not allege he requested but was unable to obtain translation assistance prior to expiration of the 45-day window or whether the prison law library lacked materials in his native language that were necessary for him to timely file an amended complaint. *Cf. Mendoza*, 449 F.3d at 1069 ("We conclude that this combination of (1) a prison law library's lack of Spanish-language legal materials, and (2) a petitioner's inability to obtain translation assistance before the one-year deadline, could constitute extraordinary

circumstances.").[9] Again, without more, the Court cannot conclude Plaintiff's circumstances warrant relief under Rule 60(b).

### 3. New Evidence

Finally, the Court construes Plaintiff's instant submissions as an attempt to provide the Court with "newly discovered evidence" under Rule 60(b)(2). "Under the law of the case doctrine, 'a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case.'" *Gallagher v. San Diego Unified Port Dist.*, 14 F. Supp. 3d 1380, 1389 (S.D. Cal. 2014) (quoting *United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998))). The law of the case doctrine provides that decisions on legal issues made in a case "should be followed unless there is substantially different evidence . . . , new controlling authority, or the prior decision was clearly erroneous and would result in injustice." *Handi Inv. Co. v. Mobil Oil Corp.*, 653 F.2d 391, 392 (9th Cir. 1981). "Newly discovered evidence" is that which was "previously unavailable." *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001). Accordingly, failure to file documents in an original motion does not turn the late filed documents into "newly discovered evidence." *Sch. Dist. No. 1J, Multnomah Cnty.*, 5 F.3d at 1263.

"Even if the court were to take judicial notice of the documents submitted post-judgment, plaintiff has not demonstrated that these documents are 'newly discovered evidence that, with reasonable diligence, could not have been discovered in time'" to file an FAC or a motion under Rule 59(e). *Sheikh v. Med. Bd. of Cal*., No. CIV. S-10-213

---

[9] The plaintiff in *Mendoza* appealed from a district court's dismissal of his habeas corpus petition as untimely; he sought equitable tolling of the one-year AEDPA limitations period. *Mendoza,* 449 F.3d at 1066. Analysis of extraordinary circumstances in equitable tolling is similar to the establishment of extraordinary circumstances in a Rule 60(b)(6) motion. *See Ford v. Hubbard*, 330 F.3d 1086, 1105–06 & n.20 (9th Cir. 2002) (comparing the showing of extraordinary circumstances necessary for equitable tolling with the showing necessary for relief from judgment under Rule 60(b)(6)), *vacated on other grounds*, *Pliler v. Ford*, 542 U.S. 225 (2004).

FCD/GGH PS, 2010 WL 4226273, at *3 (E.D. Cal. Oct. 20, 2010). To the contrary, as indicated by the dates listed on the release date change (April 7, 2016), the document discrepancy form (May 13, 2016), and the classification committee chrono (March 17, 2016), most of the submitted documents existed well before Plaintiff's deadline to file a Rule 59(e) motion expired.[10] (Doc. No. 21 at 1, 3–4.) Therefore, because Plaintiff has not demonstrated that the documents are "newly discovered" for purposes of Rule 60(b)(2), he is not entitled to relief from final judgment on this ground. Plaintiff's motion for relief from final judgment must be denied.[11]

---

[10] Plaintiff should have submitted his Rule 59(e) motion to the Court no later than June 6, 2016, or 28 days after the Court's final judgment on May 9, 2016.

[11] Even if the Court accepts all of Plaintiff's instant submissions, Plaintiff still fails to state a claim. Rule 8 provides that in order to state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). It is unclear whether Plaintiff's factual allegations contained in his letter to the Court regarding "being brutally hurt by an officer in the prison," and later being "sent to the hole," are factual allegations pertaining to his 42 U.S.C. § 1983 claim or factual allegations pertaining to his motion for reconsideration. (Doc. No. 21 at 2.) The Court has thus far construed these facts as the latter; however, even if the Court construes these facts as the former, Plaintiff still fails to comply with Rule 8's requirements.

The Court dismissed Plaintiff's case for failing to allege any factual matter showing how or why Defendant's conduct caused him to suffer actual prejudice. (Doc. No. 5 at 6–7.) Curing this deficiency did not require Plaintiff, as he asserts, "to get all the [proof] of [his] release date . . . ." (Doc. No. 21 at 2.) Rather, he simply needed to file an FAC. (Doc. No. 5 at 7.) No matter how the Court contrues Plaintiff's factual allegations, Plaintiff's instant submissions continue to offer little to no factual allegations relating to his 42 U.S.C.§ 1983 claim against Defendant, the Clerk of the Supreme Court. Thus, even if reconsideration was warranted, Plaintiff has still failed to comply with Rule 8. *See Flowers v. Ahern,* 650 F. Supp. 2d 988, 992 (N.D. Cal. 2009) (dismissing inmate's § 1983 action in part for his failure to allege facts "showing what each [named] defendant did that violated his constitutional rights"). *Cf. Antonetti v. Skolnik,* 748 F. Supp. 2d 1201, 1210–11 (D. Nev. 2010) (finding pro se prisoner's allegations relating to § 1983 claim factually sufficient to meet Rule 12(b)(6) standard where prisoner alleged he was housed in segregation for

## CONCLUSION

Based on the foregoing, Plaintiff's construed motion for relief from judgment is **DENIED**. (Doc. No. 21.) Because this case has been closed since May 9, 2016, Plaintiff's request for appointment of an interpreter is also **DENIED**.[12] (Doc. No. 25.) No further submissions will be accepted. Accordingly, Plaintiff is **ORDERED** to discontinue filing documents in this case.

**IT IS SO ORDERED.**

Dated: February 9, 2017

Hon. Anthony J. Battaglia
United States District Judge

---

several years and repeatedly denied materials such as books, paper, pens and envelopes, as well as assistance from a law clerk).

[12] On January 25, 2017, Plaintiff submitted additional documents, requesting that documents he submitted to the Court in June be returned to him and that he be appointed a Spanish language interpreter. (Doc. Nos. 23, 25.) As to the documents Plaintiff submitted in June 2016, the Court rejected those documents and required the Clerk of Court to return them to him. (Doc. Nos. 14–18.) As to Plaintiff's request for an interpreter, he predicates this request on having an open case. (Doc. No. 25 at 1.) However, the Court ordered this case closed on May 9, 2016. (Doc. No. 6.)